**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

OVERTIS SYKES,                    )
                                  )
       Petitioner,            )
                                  )
       v.                     )        No. 12 C 158
                                  )
UNITED STATES OF AMERICA,         )
                                  )
       Respondent.            )


**MEMORANDUM OPINION**

The § 2255 petitioner, Overtis Sykes, has filed a motion in which he seeks this court's recusal pursuant to 28 U.S.C. § 455(a). (He also seeks an order disqualifying Tyler Murray, the Assistant United States Attorney assigned to this case and the petitioner's criminal cases. That request is addressed below.) Section 455(a) requires a federal judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." This is an objective inquiry; the focus is on the appearance of bias from the perspective of a well-informed, thoughtful observer. Hook v. McDade, 89 F.3d 350, 354 (7th Cir. 1996).

Petitioner presents three grounds for recusal. The first is that he had filed an administrative tort claim against this court and government counsel for false imprisonment and denial of due process and that he had informed the court of that claim on

November 14, 2007, while the criminal case was pending (we denied the motion for recusal that petitioner made at that point). Petitioner argues that the filing of the claim created a conflict of interest that requires recusal. As far as we know, nothing came of the tort claim (petitioner does not tell us of its ultimate outcome). As the Seventh Circuit has explained, a litigant wanting to manipulate a judicial assignment could simply sue the assigned judge and then contend that he must step aside, but "courts do not allow such easy manipulation." In re Specht, 622 F.3d 697, 700 (7th Cir. 2010); see also In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005) ("There is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties. . . . [A] judge would likely not harbor bias against someone simply because the person named him in a meritless civil suit."). The filing of the tort claim did not and does not require recusal because it would not create any appearance of impropriety to a reasonable observer.

The second ground for recusal is the nature of the claims presented in the pending § 2255 motion; petitioner asserts therein that this court and government counsel acted in collusion to circumvent the requirements of the Speedy Trial Act and that this court "predetermined" the outcome of the dismissal hearing held on December 20, 2007, in that we dismissed the original indictment without prejudice. But judicial rulings alone almost never

constitute a valid basis for a recusal motion; the exception is where they reveal an opinion that derives from an extrajudicial source or such a high degree of favoritism or antagonism as to make fair judgment impossible.  In re Huntington Commons Assocs., 21 F.3d 157, 158-59 (7th Cir. 1994) (citing Liteky v. United States, 510 U.S. 540 (1994)).  The rulings that petitioner challenges in his § 2255 petition do not rise to that level; that he labels our rulings as "collusion" simply because we agreed with the government and suggests that we had some sort of general bias in favor of without-prejudice dismissals are insufficient bases for recusal.

The third and final ground for recusal is that "should this case require an evidentiary hearing," petitioner would call Mr. Murray and this court as witnesses.  We doubt that resolution of the § 2255 petition will require an evidentiary hearing; should we find it necessary, we will cross that bridge when we come to it.

Petitioner also seeks an order barring Mr. Murray from participating in this case.  He fails to cite any authority that would permit us to enter such an order, and the request is therefore denied.

Petitioner has also filed a motion requesting a copy of the government's response brief and asks that we issue an order directing the Clerk's office and the government to address their mailings to the petitioner in a specific way.  The motion will be granted in part and denied in part as follows.  The portion of the

motion that seeks a copy of the government's response brief is denied as moot because petitioner has already received the response (he has filed a reply to it). We decline to order the government to label its mail to petitioner in any specific way, but we trust that government counsel has taken note of petitioner's requests. Our own mail to petitioner will be labeled in the requested fashion.

## CONCLUSION

Petitioner's motion for a prompt ruling on his motion for recusal [14] is granted. Petitioner's motion for recusal of this court and government counsel [13] is denied. Petitioner's motion for a copy of the government's response brief and for orders regarding mailings to petitioner [11] is granted in part and denied in part.

DATE:          July 11, 2012

ENTER:         _____

John F. Grady, United States District Judge