12-158.122                                      November 29, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

OVERTIS SYKES,                          )
                                        )
       Petitioner,                  )
                                        )
       v.                           )       No. 12 C 158
                                        )
UNITED STATES OF AMERICA,               )
                                        )
       Respondent.                  )


### MEMORANDUM OPINION

Before the court is Overtis Sykes's pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Sykes was indicted on four counts of bank robbery in violation of 18 U.S.C. § 2113(a). He exercised his right to self-representation, and we appointed standby counsel to assist him if he requested. On March 11, 2008, in a trial that Sykes chose not to attend, a jury found him guilty on all four counts. On June 17, 2008, Sykes was sentenced to a total term of imprisonment of 240 months, plus an additional 90 days for three findings of contempt of court.

Sykes appealed, with the assistance of counsel, and offered three reasons for reversal of the convictions: (1) the charges against him should have been dismissed *with* prejudice instead of *without* prejudice due to a Speedy Trial Act violation; (2) he was deprived of his Fifth Amendment right to meaningful access to the

- 2 -

courts because he had been incarcerated for five weeks prior to trial in a state prison with no law library; and (3) the court improperly allowed the jurors free rein to directly question the witnesses at trial. The Court of Appeals held that we were well within our discretion to dismiss the charges without prejudice and that Sykes had not been deprived of his right to access the courts. The Court also held that while it was error to allow jurors to directly question the witnesses (and that instead we should have taken the questions in written form), no improper questions had been asked, and the jurors' questions would not have changed the outcome of the case because the uncontradicted evidence was overwhelmingly against Sykes. United States v. Sykes, 614 F.3d 303 (7th Cir. 2010).

In his § 2255 petition, Sykes argues that he received ineffective assistance of appellate counsel because of counsel's failure to raise several arguments on appeal: (1) "there existed collusion between the district judge and the attorney for the government to circumvent the requirements of the Speedy Trial Act"; (2) the government committed "fraud upon the court" at the December 20, 2007 hearing in order to obtain a dismissal without prejudice; (3) the court denied Sykes due process by "predetermining the outcome" of that hearing; and (4) the court "shift[ed] the blame" to Sykes for excessive delays leading to the dismissal that were

- 3 -

actually attributable to the court and the government.[1] (Pet. at 2-3.)

"Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations," where a convicted defendant was sentenced in violation of the Constitution or laws of the United States or the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996). In order to obtain relief on a claim of ineffective assistance of counsel, a petitioner must prove not only that counsel's performance fell below an objective standard of reasonableness, but also that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Unsubstantiated and conclusory statements are insufficient to satisfy a § 2255 petitioner's burden of persuasion on the two prongs of the Strickland test. United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005). "There is a strong presumption that counsel's performance is reasonable and this presumption has particular force when the ineffective assistance claim is based solely on the trial court record." Martin v. Evans, 384 F.3d 848, 852 (7th Cir. 2004).

---

[1] Sykes presents two "issues"; the second "issue" encompasses arguments two, three, and four.

- 4 -

"The failure of appellate counsel to raise an issue on appeal requires the court to compare the issue not raised in relation to the issues that were raised; if the issue that was not raised is both obvious and clearly stronger than the issues raised, the appellate counsel's failure to raise the neglected issue is objectively deficient." Lee v. Davis, 328 F.3d 896, 900-01 (7th Cir. 2003) (internal quotation marks omitted). Under this comparative standard, appellate counsel is not required to raise every non-frivolous issue on appeal, Martin, 384 F.3d at 852, and indeed "may limit appellate arguments to those that in his best judgment would do more good than harm," United States v. Knox, 287 F.3d 667, 671 (7th Cir. 2002). "Prejudice is established if the issue not raised may have resulted in a reversal of the conviction or an order for a new trial. This means there must be a reasonable probability that the issue not raised would have altered the outcome of the appeal had it been raised." Lee, 328 F.3d at 901 (citation and internal quotation marks omitted).

Sykes's first ground for relief is that appellate counsel was constitutionally ineffective for failing to argue that this court secretly "colluded" with counsel for the government to deny Sykes his Speedy Trial rights. Sykes submits that there was a "pattern of collusion" between the court and the government that is "impossible to miss from reading the transcript[s]" of various hearings held in the case and that if this pattern had been brought

- 5 -

to the appellate court's attention, the Court "would almost have certainly overturned the conviction." (Pet. at 12.) As we discussed in a memorandum opinion issued earlier this year denying Sykes's motion for this court's recusal, Sykes v. United States, No. 12 C 158, 2012 WL 2865475, at *1 (N.D. Ill. July 11, 2012), Sykes labels our exclusions of time under the Speedy Trial Act as "collusion" with the government simply because we granted the government's multiple requests. That is not evidence of "collusion." In many criminal cases, the government requests pretrial exclusions of time under the Speedy Trial Act for various reasons, and they are often granted. There is no factual support whatsoever in the record for Sykes's conclusions that the government's requests for exclusions of time had a nefarious purpose or that this court conspired with the government to deny Sykes his right to a speedy trial.

Furthermore, there was no reasonable probability that the outcome of Sykes's appeal would have been different had the collusion argument been raised. In regard to our dismissal of the indictment without prejudice, the Court of Appeals reviewed the very same record that Sykes argues clearly demonstrates a pattern of collusion and found in pertinent part:

> The judge was entitled to consider Sykes's outlandish and disruptive behavior, which posed serious challenges for the court and was in large part responsible for the delay in bringing the case to trial. The court also correctly considered the absence of fault on the part of the government. And despite Sykes's argument to the

- 6 -

> contrary, the court was also justified in observing that
> Sykes did not bring the delay to the court's attention
> as the number of nonexcludable days accumulated.
> . . .
> Sykes claims the court was wrong to hold him responsible
> for much of the delay. Our review of the record
> convinces us otherwise. Sykes repeatedly advanced
> frivolous arguments and made the efficient handling of
> his case extremely difficult.

614 F.3d at 310 (citations omitted). Appellate counsel did not render ineffective assistance by forgoing a collusion argument.

Sykes's second ground for relief has three sub-parts. The first is that appellate counsel failed to argue that the government "committed fraud upon the court" in the December 20, 2007 dismissal hearing when counsel represented that the government had never asked for a continuance of any trial date that had been set. (The government concedes that this was a misstatement because it had once requested a short continuance of the trial date on May 2, 2007.) According to Sykes, government counsel also "lied" at the December hearing by stating that any violations of the Speedy Trial Act had been unintentional. Sykes's assertions are without merit. There is no basis for inferring that counsel's misstatement was anything more than a misstatement, especially considering the many hearings that had been held in this case and that counsel was referring to a continuance that had been requested by another Assistant United States Attorney. Similarly, Sykes presents no evidence that the violations of the Speedy Trial Act were deliberate. But even more significantly, our choice of a dismissal

- 7 -

without prejudice as the appropriate remedy for the violation of the Speedy Trial Act was not based on a finding that the government had never requested a continuance. We found, and the Court of Appeals agreed, that Sykes was "largely" responsible for the delay in bringing the case to trial. Id. The Court of Appeals also specifically noted in its opinion that the government had in early May 2007 requested a trial continuance pending receipt of fingerprint evidence. Id. at 307. The Court would not have ruled differently had counsel argued that the government's statements at the December 2007 hearing constituted fraud.

We are also unpersuaded by Sykes's argument that appellate counsel was ineffective for failing to contend that this court denied Sykes due process by "predetermining" the outcome of the December 20, 2007 hearing prior to that dismissal hearing without considering what Sykes would have to say. Sykes relies upon statements made by this court at hearings on November 15, 2007 and December 12, 2007. Our statements actually contradict Sykes's argument because we indicated to counsel that we were not making a final decision on the issue and would first hear from Sykes. Although we stated that we were strongly inclined to dismiss the indictment without prejudice, we also stated that we would hear anything that counsel and defendants had to say to the contrary. At the close of the December 12 hearing, we also stated that we would "certainly" hear from Sykes before we decided whether the dismissal

would be with or without prejudice. (Pet., Ex. H, Tr. of Dec. 12, 2007 Hrg. at 17.) And at the outset of the December 20 hearing, we expressly sought out the views of Sykes and his co-defendant "on the question of whether the dismissal should be with or without prejudice." (Pet., Ex. I, Tr. of Dec. 20, 2007 Hrg. at 3.) Sykes then presented his argument for a dismissal with prejudice, which we considered. We ultimately rejected the argument, but we did consider it. Moreover, the Court of Appeals found that this court "thoroughly considered and weighed all of the statutory factors, as required by the statute and controlling caselaw." 614 F.3d at 310.

Sykes's final argument is that appellate counsel should have challenged our "shifting of the blame" to Sykes for the pretrial delays. Appellate counsel did in fact raise this argument, and, as quoted above, the Court of Appeals held that Sykes was correctly held responsible for much of the delay because he had repeatedly advanced frivolous arguments and made it very difficult to handle the case. Id.

We are not required to hold an evidentiary hearing on a § 2255 motion where, as here, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." See Olmstead v. United States, 55 F.3d 316, 318 (7th Cir. 1995); 28 U.S.C. § 2255(b). For the foregoing reasons, the motion of Overtis Sykes to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [1] is denied. Because Sykes has not made a

- 9 -

substantial showing of the denial of a constitutional right, we deny a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

DATE:        November 29, 2012

ENTER:

John F. Grady, United States District Judge