# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OVERTIS SYKES, | ) |
| Petitioner, | ) |
| v. | ) No. 12 C 158 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On November 29, 2012, this court entered a memorandum opinion and order denying Overtis Sykes's pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. We also denied a certificate of appealability. On February 4, 2013, the Court of Appeals received, and then sent to this court, Sykes's pro se notice of appeal from our denial of the § 2255 motion, along with two pro se motions. One motion [22] seeks a certificate of appealability from the Court of Appeals and is therefore stricken from our docket. The other motion [23] is titled "Motion to File Certificate of Appealability and Notice of Appeal Filed Out of Time." Insofar as this motion seeks a certificate of appealability, it is denied as moot because we have already denied a certificate of appealability. The request to file a notice of

appeal "out of time," however, is properly before us. See Fed. R. App. P. 4(a)(5).

Sykes had 60 days from November 29, 2012, the date our order was entered, to file a notice of appeal. See Fed. R. App. P. 4(a)(1)(B). Therefore, to be timely, Sykes's notice of appeal had to be filed by January 28, 2013. Under the "mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988), a notice of appeal is deemed to be filed on the date a prisoner delivers it to prison officials for mailing.

Sykes relates the following in his motion. On Thursday, January 24, 2013, the unit officer at his prison, the United States Penitentiary at McCreary, Kentucky, announced that the institution would soon be "on lockdown" due an impending ice storm and that any outgoing legal mail should be delivered to him. Sykes handed his legal mail to the unit officer that day. The following day, Friday, January 25, 2013, Sykes's legal mail was returned to him by another unit officer, who informed him that it had to be taken to the mail room. By that time, the institution was on lockdown, and no mail was being sent out. The mail room was closed for the next two days because it was the weekend. The institution remained on lockdown on Monday and Tuesday, January 28 and 29, 2013, and Thursday, January 31, 2013 was the first time after the lockdown that Sykes was able to go to the mail room and send his legal mail.

Attached to Sykes's motion is a letter dated January 30, 2013 from his case manager at USP McCreary, R. Woods, who states that the prison was on lockdown on January 25, 28, and 29, 2013, and that Sykes was unable to send his legal mail. (Ms. Woods does not provide any information regarding when Sykes handed anything to prison officials for mailing.)

Under Rule 4 of the Federal Rules of Appellate Procedure, the district court may extend the time to file a notice of appeal if a party so moves no later than 30 days after the time to appeal expires and shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). If the motion is filed after the expiration of the time to appeal, notice must be given to the other parties. It does not appear that Sykes gave the government notice of his motion.

There is another, more significant, problem. We have no evidence on which to base a finding that Sykes filed his notice of appeal in a timely fashion (by handing it to his unit officer, if that indeed was the institutional system in place at the time for handling legal mail) or that there is good cause to extend the time for filing the notice (because of the lockdown circumstances and subsequent delivery to the mail room). In order to receive the benefit of the mailbox rule, prisoners must *demonstrate* that they timely presented their submissions to prison authorities for mailing. Lee v. County of Cook, 2 F. App'x 571, 573 (7th Cir. 2001) (citing Houston, 487 U.S. at 275). Federal Rule of Appellate

Procedure 4(c) addresses how a prisoner may demonstrate timeliness when filing a notice of appeal--with a declaration under penalty of perjury or a notarized statement that sets forth the date of deposit into the prison mail system and states that first-class postage has been prepaid. Similarly, a party requesting an extension of time to file a notice of appeal must "show" excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(ii). Sykes's motion does not contain any declaration under penalty of perjury or notarized statement attesting to the facts set forth in the motion. Moreover, the motion is unspecific as to what date Sykes deposited anything with the the mail room and is also unspecific as to what, exactly, was handed to the unit officer and/or mailed. Sykes repeatedly uses the generic term "legal mail" instead of stating specifically what he did with his notice of appeal, which is the key document here.

The motion for an extension of time to file a notice of appeal [23] is denied.

DATE: March 1, 2013

ENTER: _____
John F. Grady, United States District Judge